IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>      Plaintiff, | : | CASE NO.   7:13-CV-135 |
| v. | : | |
| $112,995.00 IN UNITED STATES FUNDS,<br>      Defendant Property. | : | |

## VERIFIED COMPLAINT FOR FORFEITURE

COMES NOW, Plaintiff, the United States of America, by and through its attorney, the United States Attorney for the Middle District of Georgia, brings this complaint and alleges as follows in accordance with Rule G(2) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Federal Rules of Civil Procedure:

### Nature of the Action

1.   This is a civil action *in rem* brought pursuant to 21 U.S.C. § 881(a)(6), to forfeit and condemn to the use and benefit of the United States of America certain personal property, to wit: $112,995.00 in United States funds, (hereinafter "Defendant Property").

### The Defendant in Rem

2.   The Defendant Property consists of $112,995.00 in United States funds, seized from Jimmy Hoang Nguyen, on April 30, 2013, on Interstate 75 North, in Valdosta, Lowndes County, Georgia. The Defendant Property is presently in the

custody of the United States Marshals Service and has been deposited into the Seized Asset Deposit Fund Account.

### *Jurisdiction and Venue*

3. Plaintiff brings this action *in rem* in its own right to forfeit the Defendant Property. This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, and over an action for forfeiture under 28 U.S.C. § 1355(a).

4. This Court has *in rem* jurisdiction over the Defendant Property under 28 U.S.C. § 1355(b). Upon the filing of this complaint, the Plaintiff requests that the Court issue an arrest warrant *in rem* pursuant to Supplemental Rule G(3)(b), which the Plaintiff will execute upon the Defendant Property pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(c).

5. Venue is proper in this District pursuant to 28 U.S.C. § 1395, because the Defendant Property was seized in Lowndes County, Georgia, which is a place within the Middle District of Georgia.

6. The seizure of the Defendant Property was adopted by the United States Department of Justice, Drug Enforcement Administration ("DEA"), which began administrative forfeiture proceedings. On or about July 8, 2013, Jimmy Hoang Nguyen, through his attorney, Joe S. Habachy, Esquire, The Grant Building, Suite 203, 44 Broad Street, N.W., Atlanta, Georgia, 30303, filed a claim with the DEA, after which the DEA referred the matter to the United States Attorney for the Middle District of Georgia.

### *Basis For Forfeiture*

7. The Defendant Property is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) because it constitutes 1) money furnished or intended to be furnished in exchange for a controlled substance or listed chemical in violation of the Controlled Substances Act; 2) proceeds traceable to such an exchange; and/or 3) money used or intended to be used to facilitate a violation of the Controlled Substances Act.

### *Factual Allegations*

8. On April 30, 2013, at approximately 4:30 p.m., Corporal Casey Cope and Deputy Marty Bruce of the Lowndes County Sheriff's Office ("LCSO") observed a white Acura following too close on Interstate 75 North. At the same time, Cpl. Cope and Deputy Bruce also observed a black Lincoln Town Car driving erratically, weaving from one traffic lane to another, appearing to drive in a way to attempt to divert the attention of the officers away from the first vehicle.

9. After positioning the patrol vehicle behind the white Acura, Cpl. Cope and Deputy Bruce observed that the driver of the black Lincoln Town Car began following them at a very close distance.

10. Deputy Bruce radioed Lieutenant Hightower of the LCSO, and asked him to initiate a stop on the black Lincoln Town Car, as he and Cpl. Cope initiated a stop on the white Acura.

11. Deputy Bruce stopped the white Acura on Interstate 75 North near mile marker 18, and approached the passenger-side of the vehicle. Deputy Bruce asked the

driver, later identified as Jimmy Hoang Nguyen ("Nguyen"), to step to the rear of the vehicle so that he could explain the nature of the stop to him.

12. While speaking to Nguyen at the rear of the vehicle, Deputy Bruce observed that his carotid artery was pulsating on the side of his neck, and his hands were shaking uncontrollably. Even after Deputy Bruce informed Nguyen that he was only going to issue a warning to him for the traffic violation, Nguyen's nervousness increased, and he quickly informed Deputy Bruce that he could not search the vehicle without asking first. Deputy Bruce then informed Nguyen that based on his nervousness, he believed that Nguyen was involved in some sort of criminal activity.

13. Deputy Bruce completed the warning citation and handed Nguyen his documents back to him. Deputy Bruce then proceeded to ask Nguyen if he had any guns, child pornography, marijuana, cocaine, or large amount of United States currency inside the vehicle, and Nguyen stated that he did not.

14. When Deputy Bruce asked Nguyen for verbal consent to search his vehicle, Nguyen did not give consent. Deputy Bruce then utilized a dog, trained to detect the odor of certain controlled substances, ("K-9") to conduct a free air sweep of the vehicle. The K-9 gave a positive alert to the back passenger-side door area of the vehicle.

15. Based on the positive alert by the K-9, Deputy Bruce informed Nguyen that a probable cause search of the vehicle was going to be conducted. After being informed that the vehicle was going to be searched, Nguyen became very irate and

began shouting, "you can't search my vehicle, you can't search my vehicle". Nguyen was detained for officer safety prior to the search.

16. During the search of the vehicle, a black Samsonite brief case was located on the back seat behind the driver's seat and was locked. When Deputy Bruce asked Nguyen for the combination to the brief case, Nguyen stated, "that's my brief case and you are not allowed to search it."

17. Deputy Bruce determined that the brief case felt very heavy, and observed a piece of a heat shrink bag protruding from inside the brief case. Deputy Bruce then used an upholstery tool to open the brief case which was found to contain eleven (11) heat shrink bags of United States currency. The currency was bound together in denominations using hair ties and rubber bands.

18. Cpl. Cope asked Nguyen if the money belonged to him, and Nguyen stated "no, I don't know who the money belongs to, I did not even know it was in there".

19. The vehicle was transported by Cpl. Cope back to the LCSO for further investigation. After arriving at the LCSO, Deputy Bruce observed what appeared to be marijuana residue inside one of the heat shrink bags.

20. While Cpl. Cope, and Deputy Bruce conducted the traffic stop of the white Acura driven by Nguyen, Lt. Hightower completed the traffic stop of the black Lincoln Town Car, as requested by Deputy Bruce. Prior to stopping the vehicle, Lt. Hightower observed the vehicle traveling right behind Nguyen's vehicle, de-accelerate and move from the center lane to the slow lane, move from the slow lane and get right behind Deputy Bruce's patrol unit, and then weave back into the center lane.

21. Lt. Hightower stopped the black Lincoln Town Car, and approached the passenger-side of the vehicle. Lt. Hightower asked the driver, later identified as Hiep Tan Nguyen ("H. Nguyen"), for his driver's license and explained the nature of the stop to him.

22. While speaking to H. Nguyen, Lt. Hightower detected an odor of burnt marijuana coming from inside the vehicle, and observed that H. Nguyen appeared to be very nervous.

23. Lt. Hightower asked H. Nguyen to step out of the vehicle, and then asked him about his itinerary. H. Nguyen informed Lt. Hightower that he was traveling from Florida and had been working at a nail shop. H. Nguyen denied that he had been traveling with another car when asked by Lt. Hightower.

24. Lt. Hightower issued a warning citation to H. Nguyen, and then asked him for verbal consent to search his vehicle. H. Nguyen did not give consent to Lt. Hightower for the search of his vehicle. Lt. Hightower informed H. Nguyen that he was going to have a K-9 complete a free air sweep of the vehicle. While waiting for the K-9 to arrive, H. Nguyen changed his mind, and gave consent to Lt. Hightower to search the vehicle.

25. Deputy Brandon Goldman of the LCSO arrived on the scene of the traffic stop, and assisted while Lt. Hightower searched H. Nguyen's vehicle.

26. During the search of the vehicle, Lt. Hightower observed what appeared to be marijuana residue in the center console area floors along with two cell phones. After a complete search, H. Nguyen was allowed to leave the scene of the traffic stop.

27. At the LCSO, an interview of Nguyen was conducted by Lt. Hightower and Task Force Officer, Mike R. Sellars of the Drug Enforcement Administration. During the interview, Nguyen continued to deny ownership of the currency and signed a Voluntary Disclaimer of Interest and Ownership. Nguyen also indicated that no one had been in his vehicle, and that he had not been traveling with another vehicle.

28. At the LCSO, Deputy Bruce conducted a controlled sweep of the seized currency with a K-9, and the K-9 gave a positive alert for an odor of narcotics on the currency.

29. The Defendant Property was seized for a total amount of $112,995.00 in United States funds.

### *Conclusion*

30. Based on the foregoing, probable cause exists to believe that the Defendant Property constitutes money furnished or intended to be furnished in exchange for a controlled substance, in violation of the Controlled Substances Act, 21 U.S.C. § 801, *et seq.*, punishable by more than one year's imprisonment, constitutes proceeds traceable to such an exchange, and/or constitutes money used or intended to be used to facilitate a violation of the Controlled Substances Act, and is therefore subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6).

WHEREFORE, the United States of America prays that process of warrant issue for the arrest of the Defendant Property; that due notice be given to all parties to appear and show cause why forfeiture should not be decreed; that judgment be entered declaring the Defendant Property forfeited to the United States of America for

disposition according to law; and that the United States of America be granted such other relief as this Court may deem just and proper, together with the costs and disbursements of this action.

RESPECTFULLY SUBMITTED, October 3, 2013.

        MICHAEL J. MOORE
        UNITED STATES ATTORNEY

By:   s/ DANIAL E. BENNETT
      ASSISTANT UNITED STATES ATTORNEY
      GEORGIA STATE BAR NO.  052683
      UNITED STATES ATTORNEY'S OFFICE
      Post Office Box 1702
      Macon, Georgia 31202-1702
      Telephone: (478) 752-3511
      Facsimile: (478) 621-2712